SUSAN CORMIER *v.* J. RYAN et al.

A judgment of separation, in favor of the wife, rendered on the 14th of November, and followed by an execution issued on the 30th of March ensuing, under which all the property of the husband was sold in satisfaction of the judgment, is a sufficient execution of the judgment within the meaning of Art. 2402 C. C., to make the judgment valid.

Where, after such a separation, slaves are bought by the wife, who takes title in her own name, and it is proved that she inherited, while separated, money sufficient to pay for the slaves, and no evidence is adduced to impeach the good faith of the purchaser, the court will restrain by injunction the sale of the slaves, as belonging to the succession of the husband, though inventoried as part thereof.

APPEAL from the District Court of Calcasieu, *Dupré,* J.

*Kirby,* for plaintiff.   *Mouton* and *Morrogh,* for defendants and appellants.

SPOFFORD, J.   The plaintiff, widow of the late *Alexander Ledoux,* sued out an injunction to restrain the defendants from selling certain property which had been inventoried as the property of her deceased husband.

She claims to have been duly separated in property from her said husband, and to have acquired as her own, by just titles, the slave *Brooks,* aged about fifteen years, and *Sylvanie,* aged about twenty-six years, with her two children, *Daniel* and *Alphonse.* She also claims a lot of horses and cattle, branded 2A, appraised at $1925, all of which she alleges had been erroneously inventoried and ordered to be sold, as the property of her husband's succession.

The plaintiff has had the verdict of three juries in her favor. The defendants have appealed from a judgment rendered upon the last verdict, and sustaining all of the plaintiff's pretentions.

The appellants base their claim for relief upon the allegation that the plaintiff's judgment for a separation of property from her husband is null under the Article 2402 of the Civil Code: "The separation of property, although decreed by a court of justice, is null if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a *bona fide,* uninterrupted suit to obtain payment."

The wife's judgment of separation of property is in due form, and was rendered on the 14th November, 1828; it awarded the sum of $602 25 against her husband. It appears that on the 10th March following a writ of *fieri facias* was issued, and levied upon the property of her husband, which appears to have been of trifling value, and is all detailed in the Sheriff's return. It was adjudicated to the plaintiff for the sum of $155 37, which was credited on the judgment; and " there being no more property found," the writ was returned partly satisfied.

We are of opinion that there was not such a delay in executing the judgment as to strike the judgment of separation with nullity.

It is clearly shown that the plaintiff, whilst separate in property from her husband, bought the slaves *Brooks* and *Sylvanie,* and has always kept the titles in her own name.

It is shown, moreover, that she received more than enough from the estate of her father, whilst she was separate in property to pay what she gave for these slaves.

On the other hand, no evidence whatever has been adduced to cast suspicion upon these purchases in the name of the wife.

But we find the evidence insufficient to sustain the verdict of the jury relative to the other branch of the plaintiff's demand, to wit, the horses and cattle.

It is not shown that she ever bought any cattle, or inherited any. Her husband dealt in cattle, buying and selling as if he was the owner. The registry of a brand in her name in 1826, before the judgment of separation, does not prove a title in her to all the cattle which her husband afterwards marked in that brand. She has had ample opportunities to show the title her petition asserts, and there must be judgment against her on this portion of her demand.

It is therefore ordered, that the judgment of the District Court, so far as it recognizes the plaintiff as owner of the slaves *Brooks* and *Sylvanie*, and her two children, *Daniel* and *Alphonse*, and perpetuates the injunction sued out to restrain the sale thereof, be affirmed. It is further ordered, that in other respects the said judgment be reversed, and that the injunction, so far as it restrains the defendants from proceeding to sell the horses and cattle inventoried as belonging to the succession of *Alexander Ledoux*, be dissolved. It is further ordered that, the defendants pay the costs incurred in the District Court, and the plaintiff the costs of this appeal.